1
2
3
4
5
6
7
8
9
10
11
12
13

United States District Court
Northern District of California

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN WHITAKER,

          Plaintiff,

    v.

AVOCADO TOAST INC,

          Defendant.

Case No.  21-cv-09398-PJH

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

Re: Dkt. No. 13

      Before the court is defendant's motion to dismiss plaintiff's complaint.  The matter is fully briefed and suitable for decision without oral argument.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.      BACKGROUND**

      Plaintiff brought this lawsuit against defendant Avocado Toast Inc. on December 6, 2021.  Dkt. 1 ("Compl.").  Plaintiff is an individual with physical disabilities who uses a wheelchair for mobility.  Id. ¶ 1.  Defendant owns the restaurant "Avocado Toast" located in San Mateo, California.  Id. ¶¶ 2–3.  Plaintiff alleges that he visited Avocado Toast in November 2021 and encountered physical barriers contrary to the Americans with Disabilities Act ("ADA") standards.  Id. ¶¶ 8–10.  Plaintiff asserts two causes of action against defendant: (1) a violation of the ADA and (2) a violation of the Unruh Civil Rights Act.  Id. ¶¶ 22–32.  Plaintiff alleges he will return to Avocado Toast to avail himself of its goods and services and to determine compliance with disability laws.  Id. ¶ 20.

      Defendant filed this motion to dismiss for lack of jurisdiction on March 2, 2022.

1    Dkt. 13.  Defendant argues that plaintiff lacks standing to bring this lawsuit because

2    plaintiff's intent to return to Avocado Toast is not credible.

3        Defendant brings a factual challenge.  In support of its motion, defendant submits

4    (1) a trial order and trial transcript from Whitaker v. Pachanga Mexican Grill, No.

5    20STLC03367, (2) a deposition transcript from Whitaker v. The Goltz Corp., No. 2:21-cv-

6    00527, and (3) a link to a trial video from Whitaker v. Reeder; Il Fornaio (America) Corp.,

7    No. 2:19-cv-04341.  Dkt. 13-2.

8        Plaintiff submits a declaration, along with his opposition brief, describing his

9    regular travel to the Bay Area and his intent to return to Avocado Toast once he is

10   assured defendant "intends to welcome the disabled by making its restaurant accessible."

11   Dkt. 14-1 at 2.

12       And in support of its reply, defendant submits: (1) a transcript of the February 7,

13   2022 evidentiary hearing in this matter, (2) a deposition transcript from Whitaker v. The

14   Goltz Corp., No. 2:21-cv-00527, (3) a trial transcript from Whitaker v. Pachanga Mexican

15   Grill, No. 20STLC03367, (4) a deposition transcript from Whitaker v. Peet's Coffee, Inc.,

16   No. 3:21-cv-07055, and (5) a deposition transcript from Whitaker v. Kashani, et al., No.

17   2:18-cv-00346.

18   **II.     DISCUSSION**

19       **A.     Legal Standard**

20       The court has an ongoing obligation to ensure that it has subject matter jurisdiction

21   such that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

22   court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A challenge to subject matter

23   jurisdiction may be facial or factual.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035,

24   1039 (9th Cir. 2004).  Where the attack is factual, "the court need not presume the

25   truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond the

26   complaint without converting a motion to dismiss into one for summary judgment.  Id.

27   Once the moving party has made a factual challenge by offering affidavits or other

28   evidence to dispute the allegations in the complaint, the party opposing the motion must

United States District Court
Northern District of California

2

1    "present affidavits or any other evidence necessary to satisfy its burden of establishing

2    that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chico,

3    880 F.2d 199, 201 (9th Cir. 1989).

4        **B.    Analysis**

5        To establish Article III standing, an ADA plaintiff must have "(1) suffered an injury

6    in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

7    is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578

8    U.S. 330, 338 (2016). Because the only remedy available to a private litigant under the

9    ADA is an injunction, the Ninth Circuit has held that a plaintiff "must demonstrate a real

10   and immediate threat of repeated injury in the future." Chapman v. Pier 1 Imps. (U.S.)

11   Inc., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation marks omitted). A plaintiff may

12   show standing by establishing that he has suffered an "injury-in-fact coupled with an

13   intent to return," or alternatively, "deterrence from returning to the premises." Id. at 944.

14       Plaintiff establishes standing by alleging deterrence and an intent to return to the

15   restaurant. First, plaintiff alleges he is "currently deterred" from returning to Avocado

16   Toast "because of his knowledge of the existing barriers and his uncertainty about the

17   existence of yet other barriers on the site." Dkt. 1, ¶ 20. He further alleges, "[i]f the

18   barriers are not removed, [he] will face unlawful and discriminatory barriers again." Id.;

19   see Chapman, 631 F.3d at 950 (stating "a plaintiff can demonstrate sufficient injury to

20   pursue injunctive relief when discriminatory architectural barriers deter him from returning

21   to a noncompliant accommodation"). Second, plaintiff alleges he "will return to Avocado

22   Toast to avail himself of its goods or services and to determine compliance with the

23   disability access laws once it is represented to him that Avocado Toast and its facilities

24   are accessible." Dkt. 1, ¶ 20. He also declares he will return to the restaurant once he is

25   assured that defendant "intends to welcome the disabled by making its restaurant

26   accessible." Dkt. 14-1 at 2. Accordingly, the court finds that these allegations, when

27   considered in the light most favorable to plaintiff, as they should be at this stage,

28   adequately allege an intention to return to the restaurant.

United States District Court
Northern District of California

1    Defendant disagrees.  Defendant argues that plaintiff lacks standing because he

2    has no intent to return to Avocado Toast in the future.  Defendant supports its position by

3    noting the 2,000 ADA cases in which plaintiff states an intent to return to the allegedly

4    unlawful establishment, the distance between defendant's establishment in San Mateo,

5    California and plaintiff's home in Los Angeles, California, and plaintiff's alleged motive to

6    bring a lawsuit against defendant prior to visiting Avocado Toast.

7    First, the Ninth Circuit has cautioned courts against relying on a plaintiff's past

8    ADA litigation as a reason to question the sincerity of a plaintiff's stated intent to return to

9    an establishment.  See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th

10   Cir. 2008).  In D'Lil, the court explained that "[f]or the ADA to yield its promise of equal

11   access for the disabled, it may indeed be necessary and desirable for committed

12   individuals to bring serial litigation advancing the time when public accommodations will

13   be compliant with the ADA."  Id. (internal quotation marks omitted).  Accordingly, this

14   court may not discredit plaintiff's stated intent to return to defendant's establishment

15   based on his prior litigation history alone.

16   Second, the Ninth Circuit has stated that in cases where the "public

17   accommodation being sued is far from the plaintiff's home," it has "found actual or

18   imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to

19   return to the geographic area where the accommodation is located and a desire to visit

20   the accommodation if it were made accessible."  Id. at 1037.  Here, plaintiff visits the Bay

21   Area regularly and has stated an intent to return to Avocado Toast once the

22   establishment is ADA compliant.

23   Third, the Ninth Circuit has explicitly stated that a plaintiff's status as an "ADA

24   tester" does not deprive him of standing because "motivation is irrelevant to the question

25   of standing under Title III of the ADA."  C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.,

26   867 F.3d 1093, 1102 (9th Cir. 2017).

27   **III.    CONCLUSION**

28   For the foregoing reasons, the court DENIES defendant's motion to dismiss.

4

**IT IS SO ORDERED.**

Dated: April 7, 2022

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge