UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>   Plaintiff,<br><br>  v.<br><br>AVOCADO TOAST INC,<br><br>   Defendant. | Case No. 21-cv-09398-PJH<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 44 |

  Before the court is plaintiff's "notice of indication of mootness of ADA claim for injunctive relief." In the notice, plaintiff accepts defense counsel's representation to the court that the barrier to plaintiff's access has been fully remedied and removed. The removal of the barrier leaves plaintiff's claim for injunctive relief under the ADA moot, and plaintiff thus "has no objection to dismissal of his ADA claim." Dkt. 44 at 1. Further, plaintiff states that, if the court dismisses the ADA claim, the sole federal claim giving this court subject matter jurisdiction, he "has no objection to the Court declining to exercise supplemental jurisdiction over his state law claim so that he can refile that action in state court." Dkt. 44 at 1-2.

  This court's subject matter jurisdiction is based on plaintiff's claim for violation of federal law, the Americans with Disabilities Act ("ADA"). 28 U.S.C. § 1331. Private plaintiffs may only pursue injunctive relief under the ADA, and "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in

the absence of a challenge from any party." <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999); <u>see</u> Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

Here, defendant has not yet filed a motion challenging subject matter jurisdiction, though counsel represented at the case management conference that such a challenge was anticipated. The court's ongoing obligation to assess subject matter jurisdiction permits the court to dismiss for lack of subject matter jurisdiction even in the absence of a jurisdictional challenge. In light of plaintiff's acceptance of the ADA claim's mootness, and in light of plaintiff's statements that he has no objection to dismissal of the ADA claim on that basis, the court DISMISSES plaintiff's ADA claim.

The court's subject matter jurisdiction over plaintiff's second claim, a violation of California's Unruh Civil Rights Act, is based on supplemental jurisdiction over state law claims arising from the same case or controversy as the ADA claim. 28 U.S.C. § 1367(a). Title 28 U.S.C. § 1367(c)(4) authorizes a district court to "decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." When a "high-frequency" litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. <u>Arroyo v. Rosas</u>, 19 F.4th 1202, 1211-14 (9th Cir. 2021). The Ninth Circuit generally disfavors the exercise of supplemental jurisdiction. "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" <u>Acri v. Varian Assocs.</u>, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988)).

Here, supplemental jurisdiction is not warranted. The court finds that fairness, judicial economy, and comity all favor allowing plaintiff to pursue his Unruh Act claim in state court. In light of these circumstances, plaintiff's lack of objection to the court's declination to exercise supplemental jurisdiction, and plaintiff's failure to articulate or even

suggest a reason why this court should retain jurisdiction over the remaining state law cause of action, the court also DISMISSES the second claim.

**IT IS SO ORDERED.**

Dated: October 14, 2022

                                              */s/ Phyllis J. Hamilton*
                                              PHYLLIS J. HAMILTON
                                              United States District Judge